CASE NO. 24-5610

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

## UNITED STATES OF AMERICA
### Plaintiff – Appellee


v.


## JORGE FLORES
### Defendant – Appellant


**On Appeal from the United States District Court for the Middle District of Tennessee, Nashville Division**
**Eli J. Richardson, U.S. District Judge, No. 3:18-cr-00293-3**

---

## OPENING BRIEF FOR JORGE FLORES

---

**VAKESSHA HOOD**
**236 Public Square, Suite 103**
**Franklin, TN 37064**
**615.791.1819**

*Attorney for Defendant-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………iii

STATEMENT REGARDING ORAL ARGUMENT………………….…………1

STATEMENT OF JURISDICTION………………………………………….……...2

STATEMENT OF THE ISSUES………………………………………….………..4

STATEMENT OF THE CASE………………………………………….…………5

     I.    Introduction………………………………………………….………5
     II.   Factual Background………………………………………….……...5
     III.  Charges and Pretrial Litigation…………………………….…....7

SUMMARY OF THE ARGUMENT…………………………………………9

ARGUMENT…………………………………………………………………..10

CONCLUSION…………………………………………………………....14

CERTIFICATE OF COMPLIANCE………………………………………...15

CERTIFICATE OF SERVICE………………………………………………15

ADDENDUM…………………………………………………………………..16

# TABLE OF AUTHORITIES

**Cases**

*Maryland v. Buie*,
    494 U.S. 325 (1990)…………………………………………………………..11

*United States v. Archibald*,
    589 F.3d 289 (6th Cir. 2009)……………………………………………….11

*United States v. Akrawi,*
    920 F.2d 418 (6th Cir. 1990)………………………………………………12, 13

*United States v. Perez*,
    440 F.3d 363 (6th Cir. 2006)………………………………………….…10

*United States v. Rohrig*,
    98 F.3d 1506 (6th Cir. 1996)………………………………………………11

*United States v. Smith*,
    263 F.3d 571 (6th Cir. 2001)……………………………………………….10

*United States v. Trice*,
    966 F.3d 506 (6th Cir. 2020)………………………………………….…10

**Statutes**

18 U.S.C. § 3231……………………………………………………..……..…2

United States Constitutional Amendment IV…………………………………….…10

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Mr. Flores is not requesting oral argument.

## **STATEMENT OF JURISDICTION**

The district court had jurisdiction over this criminal case pursuant to 18

U.S.C. § 3231. Mr. Flores was initially charged in case 3:19-cr-00042-1 with two

counts of Convicted Felon in Possession of Firearms, one count of Possession with

Intent to Distribute Cocaine, and one count of Possession of a Firearm in

Furtherance of a Drug Trafficking Crime. (3:19-cr-00042-1, R. 33, Superseding

Indictment.)[1] A motion to suppress and memorandum in support was filed by Mr.

Flores' first trial counsels on May 26, 2020 (3:19-cr-00042-1, R. 41 and 42,

Motion and Memorandum, respectively). The district court orally denied the

motion on August 27, 2020 (3:19-cr-00042-1, R. 51, Order.) Thereafter, the district

court granted the Government's motion to dismiss the indictment without prejudice

on December 10, 2020, because a new indictment, case 3:18-cr-00293, had been

returned by the Grand Jury and included the same charges, based on the same

alleged facts, as case 3:19-cr-00042-1. (3:19-cr-00042-1, R. 56, Government's

Motion to Dismiss Superseding Indictment, and R. 57, Order.) After a month-long

jury trial, Mr. Flores was found guilty on all counts and was sentenced on June 25,

2024, and the judgment on sentencing became final on June 28, 2024. (3:18-cr-

---

[1] This brief cites from two related cases; 3:19-00042-1 and 3:18-cr-00293, using
the form "[Case Number], R. _____, Document Description, #[Page I.D. #]."

00293, R. 756, Judgment, #7687). Notice of Appeal was timely filed on July 1, 2024. (3:18-cr-00293, R. 760, Notice of Appeal, #7704).

# **STATEMENT OF THE ISSUE**

Whether or not the initial search of Mr. Flores' residence was legal pursuant to an exception for warrantless searches: protective sweeps. Mr. Flores submits that the search exceeded the scope of the protective sweep and that his motion to suppress should have been granted.

# STATEMENT OF THE CASE

[Taken from the testimony of Special Agent Christopher Key, case 3:19-cr-00042-1, R. 59, Transcript, #147- 207.]

## I. Introduction

Mr. Flores, is a member of the La Mara Salvatrucha, also known as "MS-13", an international street organization. The Government alleged that from January of 2014 to June of 2018, Mr. Flores, as a member of MS-13, engaged in multiple racketeering activities ranging from drug trafficking to murder. An indictment for drug trafficking an illegal gun possession was returned against Mr. Flores and, though initially he fled, he was eventually arrested without incident.

The initial indictment that charged the drug trafficking and gun charges, case 3:19-cr-00042, was dismissed without prejudice to allow for the Government to charge under a new indictment, case 3:18-cr-00293, which in addition to the original charges, included RICO/VICAR, murder, assault, various drug and gun charges as well as multiple new defendants. This appeal focuses on the original charges in case 3:19-cr-00042 and the facts underlying it.

## II. Factual Background

In late May of 2017, Mr. Flores was developed as a suspect in a homicide and was indicted by the Davidson County District Attorney's Office. On August 4, 2017, a warrant was issued for his arrest. Law enforcement officers began

conducting surveillance on Mr. Flores in an attempt to arrest him. As part of that surveillance, officers were pinging several cell phone numbers for Mr. Flores in an effort to locate him. At one point, a ping led officers to believe Mr. Flores at the address of 3511 Ezell Road. Once Mr. Flores was seen and identified by officers, they continued to surveil Mr. Flores until officers were given the green light to arrest him. Mr. Flores had been travelling in a vehicle and, once officers attempted to stop him, Mr. Flores fled in that vehicle, striking one of the officers' vehicle. He was not apprehended that day. However, later, the vehicle Mr. Flores fled in was recovered and searched. A rifle, pistol, magazine, ammunition, body armor, and drug paraphernalia were subsequently found in the vehicle.

A couple of months later, in October, law enforcement officers got information that Mr. Flores, as well as two other suspects (Franklin Hernandez and Franklin Caceras, "the Franklins"), were living at an address on Priest Wood Drive. Fifteen to twenty law enforcement officers, including members of SWAT, Homeland Security, and ATF arrived on the scene to arrest Mr. Flores and the Franklins. They had the residence surrounded.

Using blue lights and sirens, the law enforcement officers made announcements calling for the occupants of the home to exit. One resident exited with her young child. She was asked if anyone else was in the home. Reluctantly, she confirmed there were other occupants in the home, possible Mr. Flores and one

of the Franklins. Minutes later, Mr. Flores exited the home. What is significant hear is that, after Mr. Flores exited the home, he left the front door open. At some point during Mr. Flores' arrest, someone shut the front door. This led officers to believe others were still in the home.

After Mr. Flores exited the home and the front door closed behind him, officers entered the home to make a protective sweep. Upstairs in the bedroom, they found the Franklins. Downstairs, in a bathroom and bedroom, they found an AR-15 style rifle and a drum magazine for a Glock pistol, respectively. It is unclear from the record if these items were found before or after the Franklins were found. If after, there would have been no need to continue the protective sweep and these items would have been discovered as a result of an illegal search. The fact that these items recovered during the warrantless search was used to help develop probable cause for the subsequent search warrant for the home. (3:19-cr-00042, R. 43-1, #95).

### III.  Charges and Pretrial Litigation

As mentioned, Mr. Flores was charged with drug trafficking, possession of a weapon as a prohibited person, and possession of a firearm in furtherance of drug trafficking. His trial attorneys filed a motion to suppress and an evidentiary hearing was held. After the hearing, the district court denied the motion to suppress, but not

before making a few interesting observations. It was never flushed out in the hearing exactly when the AR-15 and drum magazine were found.

## SUMMARY OF THE ARGUMENT

The motion to suppress should have been granted because the Government failed to prove that the search was legal under the warrantless search exception. When the AR-15 and drum magazine were found matters because once the Franklins were found, there would not have been a need to continue the protective sweep; the search exceeded the scope of the protective sweep. The fact that an AR-15 and drum magazine were found was used by state law enforcement to further develop probable cause for the search warrant for the home.

# ARGUMENT

## I. Law

### A. Standard of Review

On appeal from the denial of a motion to suppress, the standard of review is clear error, with the reviewing court viewing the evidence in the light most favorable to the Government. *United States v. Perez*, 440 F.3d 363, 365-66 (6th Cir. 2006). "A factual finding is only clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made." *United States v. Smith*, 263 F.3d 571, 581 (6th Cir. 2001).

### B. Relative Law

The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and it requires that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. As a consequence, "a warrantless search is, *per se*, unreasonable subject only to a few specifically established and well-delineated exceptions." *United States v. Trice*, 966 F.3d 506, 512 (6th Cir. 2020) (citation omitted). "The exigent circumstances exception has been recognized in situations of hot pursuit of a fleeing felon, imminent destruction of evidence, the need to prevent a suspect's

escape, and risk of danger to the police and others. *United States v. Rohrig*, 98 F.3d 1506, 1515 (6th Cir. 1996)." In this matter, the Government asserts one of those exceptions: the risk of danger to the police and others. This is also known as the warrantless-protective-sweep exception.

There are two types of protective sweeps. "The first type allows officers to 'look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.'" *United States v. Archibald*, 589 F.3d 289, 295 (quoting *Maryland v. Buie*, 494 U.S. 325, 334-6 (1990)). This "first type of sweep requires no probable cause or reasonable suspicion." *Id*. "The second type of sweep goes 'beyond' immediately adjoining areas but is confined to 'protective sweep[s] [that are] aimed at protecting the arresting officers[.]'" *Id*. (citation omitted). It requires "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id*. (citation omitted). This second kind of sweep, however, is "not a full search of the premises," instead it "extend[s] only to a cursory inspection of those spaces where a person may be found" and must last "**no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises.**" *Id*.

In *United States v. Akrawi,* 920 F.2d 418, 420 (6th Cir. 1990), this Court found the sweep of the upstairs of a home, incident to arrest, to be unconstitutional where officers articulated no reason for searching upstairs.

> "The searching officers articulated no specific basis for believing that the second floor of the 6099 Quaker Hill residence harbored any individual posing a threat to the agents. Some fifteen to eighteen law enforcement agents entered the residence, some with weapons drawn. The agents encountered no resistance upon entering the house and had no difficulty in arresting Mr. Kalasho. Mr. Akrawi was handcuffed during Mr. Kalasho's arrest. Despite the threats of future harm to the agents, Mrs. Kalasho and Mr. Akrawi made no immediate threats. The agents heard no noises or voices that indicated anyone might have been in hiding on the second floor."

*Id* at 420.

## II. Analysis

**The Government failed to prove that the search and subsequent items found (Glock drum magazine and Palmetto AR-15) were legal pursuant to a protective sweep.** A mistake has been made by the district court. It is unclear from the record whether or not the warrantless search of Mr. Flores' residence took place no longer than needed to complete the arrest of the Franklins. This was a two-story home in which 15-20 law enforcement officers entered the home. Did law enforcement continue to search the residence after the Franklins had been found on the second floor? Who found the Franklins and when? Who found the

AR-15 and magazine drum? What it before, during or after the arrest of the Franklins? These questions need to be answered in order to determine if the warrantless search exceed the scope of the protective-sweep exception. It is the Government's burden to prove this and it has not.

Furthermore, Mr. Flores submits that the search was illegal in that officers did exceed the scope of a protective sweep. Just like in *Akrawi,* the arrests of Mr. Flores and the Franklins were without incident; they encountered no resistance upon entering the house and had no difficulty in arresting any of the suspects. No immediate threats were made to law enforcement. At least fifteen law enforcement agents were in the home and none expressed hearing any noises or voices that indicated anyone might have been hiding on the first floor. The motion to suppress should have been granted.

## **CONCLUSION**

The district court erred in dismissing Mr. Flores' motion to suppress.

Because the Government failed to prove the warrantless search, which resulted in

the discovery of the AR-15 and the magazine drum, fell within the protective-

sweep exception. The motion to suppress should have been granted.

Respectfully submitted,

/s/ Vakessha Baker Hood

Vakessha Baker Hood

*Attorney for Jorge Flores*

236 Public Square, Suite 103

Franklin, TN 37064

615.791.1819 (phone)

Vhslaw1@gmail.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief contains 2,282 words, exclusive of the items listed in Rule 32(f), and therefore complies with the type-volume limitations set forth at Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure.

/s/ Vakessha Baker Hood
Vakessha Baker Hood

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of October, 2024, an electronic copy of this brief was served via the Court's electronic filing system upon all counsel of record for Appellees – Plaintiff the Government.

/s/ Vakessha Baker Hood
Vakessha Baker Hood

# ADDENDUM:  APPELLANT'S DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

**For Case No. 3:19-cr-00042-1:**

| Record Entry No. | Description of Document | Page ID# |
|---|---|---|
| R. 33 | Superseding Indictment | #57-59 |
| R. 41 | Motion | #73 |
| R. 42 | Memorandum | #74-77 |
| R. 59 | Transcript | #137-249 |
| R. 51 | Order | #115-121 |

**For Case No. 3:18-cr-00293**

| Record Entry No. | Description of Document | Page ID# |
|---|---|---|
| R. 756 | Judgment | #7687-7695 |
| R. 760 | Notice of Appeal | #7704-7705 |